

1301 Avenue of the Americas
25th Floor
New York, NY 10019

646.927.5500 main
646.927.5599 fax

August T. Horvath
646-927-5544

October 20, 2020

### Via E-Mail and ECF

Spencer Sheehan
Sheehan & Associates, PC
60 Cuttermill Road Ste 409
Great Neck, NY 11021
516-268-7080
*spencer@spencersheehan.com*

Michael R. Reese
100 W 93rd St Fl 16
New York, NY 10025
212-643-0500
*mreese@reesellp.com*

   Re: *Falborn v. Unilever United States, Inc.*, Case No. 7:20-cv-4138-KMK-LMS

Dear Counsel:

  We represent defendant Unilever United States, Inc. ("Unilever"), which intends to move to dismiss the Complaint (Dkt. 1) in this matter under Rule 12(b)(6). We write pursuant to Judge Karas' Individuals Rule II.A. to state the grounds for the motion.

**I. The "Vanilla" Labeling Is Not Plausibly Deceptive to Reasonable Consumers**

  Unilever sells vanilla ice cream under its Breyers brand. Plaintiff alleges that Unilever, by designating its Breyers Homemade Vanilla Ice Cream with the characterizing flavor "vanilla," is not only making a claim about how the ice cream tastes, but also making an implied claim that all of the vanilla taste of the products comes from vanilla bean extract. To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Courts in this Circuit dismiss challenges to advertising claims where the challenged marketing claims would not deceive reasonable consumers. *See, e.g., Melendez v. ONE Brands, LLC*, No. 18-cv-6650-CBA (E.D.N.Y. March 16, 2020); *Sarr v. BEF Foods*, No. 18-cv-6409-ARR, 2020 U.S. Dist. LEXIS 25594 (E.D.N.Y. Feb. 13, 2020); *Campbell-Clark v. Blue Diamond Growers*, No. 1:18-cv-5577-WFK (E.D.N.Y. Dec. 17, 2019). This Complaint should be dismissed, as a matter of law, on the basis that no reasonable consumer would interpret the "vanilla" flavor designator on Unilever's ice cream as a claim that all of the ice cream's vanilla

Sheehan/Reese
October 20, 2020
Page 2

taste must come from vanilla bean extract. A suit against Wegmans by the same Plaintiffs' counsel making almost identical claims with regard to a vanilla ice cream was recently dismissed on these grounds in the Southern District of New York. *Steele v. Wegmans Food Markets, Inc.*, 1:19-cv-9227-LLS, 2020 U.S. Dist. LEXIS 123637 (S.D.N.Y. July 14, 2020). This case should be dismissed also.

## II.     Plaintiff's Attempt to Enforce Her Interpretation of Federal Food Regulations Is Implicitly Preempted

The Complaint relies heavily on the alleged non-compliance of Unilever's packaging and labeling with the Food, Drug and Cosmetic Act (FDCA). Purported non-compliance with these regulations is proffered as the only basis for the allegation that the ice cream labeling is purportedly deceptive to consumers. The Complaint is Plaintiff's attempt privately to enforce the FDCA, filed because Plaintiff's counsel believes it has spotted a technical violation of FDA regulations. But Plaintiff is not the FDA, and is neither competent to interpret FDA regulations nor empowered to enforce them. The right to enforce the FDCA rests exclusively with the Food and Drug Administration. *See* 21 U.S.C. § 337(a); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997) (there can be no private cause of action if a plaintiff's "true goal is to privately enforce alleged violations of the FDCA"); *Verzani v. Costco Wholesale Corp.*, No. 09-cv-2117, 2010 WL 3911499 (S.D.N.Y. Sept. 28, 2010) ("The FDCA lacks a private right of action and therefore [a plaintiff] cannot rely on it for purposes of asserting a state-law consumer claim under G.B.L. § 349"), *aff'd*, 432 Fed. Appx. 29 (2d Cir. 2011). This is a case where "a plaintiff's true purpose is to enforce federal regulations, masquerading as a state-law claim." *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1086 (S.D. Cal. 2017) (dismissing New York G.B.L. §§ 349-350 claims). Conclusory allegations aside, no basis other than FDCA non-compliance is alleged for any deception in the labeling of the ice cream products.

Courts within and outside this Circuit have made clear that food labeling regulations cannot serve as a proxy or benchmark for consumer deception. *Steele v. Wegmans*, No. 1:19-cv-9227-LLS, 2020 U.S. Dist. LEXIS 123637 (S.D.N.Y. July 14, 2020); *N. Am. Olive Oil Ass'n v. Kangadis Food Inc.*, 962 F. Supp. 2d 514, 519 (S.D.N.Y. 2013); *Bush v. Mondelez*, No. 16-cv-02460-RS, 2016 U.S. Dist. LEXIS 174391 (N.D. Cal. Dec. 16, 2016). Even if they purport to be alleging consumer deception independently, suits are dismissed as preempted if their evident real purpose is to enforce food regulations, as evidenced by their extensive reliance on such regulations for their theory of deception. *Solak v. Hain Celestial Group, Inc.*, No. 3:17-cv-704-LEK-DEP, 2018 WL 1870474 (N.D.N.Y. Apr. 17, 2018); *Somers v. Beiersdorf, Inc.*, No. 14-cv-2241-LAB-AGS, 2020 WL 1890575 (S.D. Cal. Apr. 15, 2020).

## III.    Plaintiff's Claims Are Expressly Preempted

Plaintiff alleges that pursuant to the standard of identity for ice cream, a product may only be called "vanilla ice cream" if it contains no artificial flavors characterizing the vanilla flavor, citing 21 C.F.R. § 135.110(f)(2)(i). The Complaint does not plausibly allege that the product contains artificial flavors. Rather, it implausibly infers that because the Product's ingredient list refers to "natural flavor," the Product must be using some artificial vanilla flavoring that is not derived from the vanilla bean. Plaintiff also claims the Product is misbranded under 21 U.S.C. § 343(g) because: (i) ice cream is a standardized food; (ii) the vanilla ingredients are subject to their own standards of identity; and therefore (iii) the ice cream

Sheehan/Reese
October 20, 2020
Page 3

label must use the specific name of the vanilla ingredient as provided in its standard of identity (e.g., "vanilla extract" or "extract of vanilla").

Plaintiff miscomprehends the applicable regulations. First, 21 C.F.R. § 101.22(h)(1) provides that any "[s]pice, natural flavor, and artificial flavor may be declared as 'spice,' 'natural flavor,' or 'artificial flavor'" in the statement of ingredients. Because the Product is flavored with natural flavors derived from the vanilla bean, both the principal display panel and ingredient list are compliant with federal regulations. Second, Plaintiff is incorrect that the food is misbranded under 21 U.S.C. § 343(g), because "spices, flavoring, and coloring" are specifically excluded from the requirement to include their common name as part of the food's standard of identity. Because Unilever's labeling practices for the Product comply with FDA regulations, Plaintiff's claims attempting to impose labeling requirements not identical to those regulations are expressly preempted. *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 296 (S.D.N.Y. 2018) ("[I]f a product's packaging does not run afoul of federal law governing food labeling, no state law claim for consumer deception will lie.").

IV. **The Court Has No Personal Jurisdiction over the Out-of-State Class Members and Should Dismiss Their Claims**

The Complaint lists one named class representative, a New York resident, but purports to represent "all purchasers of the Product who reside in New York and the other 49 states during the applicable statutes of limitations." Dkt. 1 ¶ 111. No representative plaintiff is identified for 49 of the states. No cause of action is asserted pursuant to the laws of any state other than New York. Unilever is admitted to be a Delaware corporation headquartered in New Jersey. *Id.* ¶ 107. No connection between the injuries of the out-of-state class members and this State or District is alleged. Under *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017), a New York court would lack personal jurisdiction over Unilever as to claims brought on behalf of plaintiffs who are neither New York residents nor suffered their alleged injuries in New York. Courts in this Circuit have ruled that the logic of *Bristol-Myers* applies also to U.S. District Courts adjudicating class actions brought under state laws. *See Gonzalez v. Costco Wholesale Corp.*, No. 16-CV-2590-NGG-JO, 2018 U.S. Dist. LEXIS 171000, at *18 (E.D.N.Y. Sep. 29, 2018).

V. **Plaintiff Does Not Have Standing to Seek Injunctive Relief**

Plaintiff lacks standing to seek preliminary or permanent injunctive relief because she fails to allege any likelihood that she will be deceived in the future by the challenged representations, and thus, fails to demonstrate any likelihood of continuing or future injury. *See Berni v. Barilla S.p.A., et al. v. Schulman*, No. 19-1921-cv, 2020 U.S. App. LEXIS 21167 (2d Cir. July 8. 2020); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

VI. **The Elements of Fraud, Negligent Misrepresentation, Warranty, and Unjust Enrichment Are Not Pled or Supported with Factual Allegations**

Plaintiff's fraud claim should be dismissed because she has not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997), by pleading facts to show that Lidl either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.

Sheehan/Reese
October 20, 2020
Page 4

1994).  Plaintiff's negligent misrepresentation claim should be dismissed because, under New York common law, this cause of action requires a special relationship of trust to exist between the parties, and is not applicable to an arm's-length commercial transaction.  *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996).  Plaintiff's express warranty claim must be dismissed because no expressly false statement, but only implied misrepresentations, are alleged, and because Plaintiff did not provide timely notice of the alleged breach.  *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018).  Her claim for breach of implied warranty of merchantability must be dismissed because there is no allegation that the product is not merchantable and fit for its intended use.  The unjust enrichment claim should be dismissed because it is duplicative of the false advertising claims.  An unjust enrichment claim is not available where it merely duplicates a contract or tort claim, which has been held to include GBL false-advertising claims.  *See Reyes,* 2019 U.S. Dist. LEXIS 125971 at *15 (dismissing unjust enrichment claim that was duplicative of GBL claims); *Weisblum*, 88 F. Supp. 3d at 296-97 (same); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).

    Respectfully submitted,

    August T. Horvath

Cc:    Hon. Kenneth M. Karas, District Judge
    U.S. District Court, Southern District of New York
    300 Quarropas Street, Chambers 533
    White Plains, NY 10601
    *KarasNYSDChambers@nysd.uscourts.gov*

FH5195842.1